UNITED STATES v. SPRUTH.

(District Court, E. D. Pennsylvania. January 10, 1896.)

No. 10, Aug. Term, 1895.

IMMIGRATION—UNLAWFUL LANDING—MASTER'S LIABILITY—BURDEN OF PROOF.
　　Upon an indictment against the master of a vessel under the eighth section of the act of congress of March 3, 1891, for knowingly or negligently landing or permitting to land any alien immigrants, the burden of proving such willful or negligent permission is upon the prosecution. Warren v. U. S., 7 C. C. A. 368, 58 Fed. 559, distinguished and criticised.

This was an indictment charging the defendant, Fritz Spruth, with knowingly and negligently landing and permitting to land certain alien immigrants at the port of Philadelphia on the 14th day of July, 1895, contrary to the form of the act of congress in such case made and provided. The defendant was the master of the steamship Mark-

oniania, and after an examination and special inquiry before four officers acting as inspectors, duly designated by the superintendent of immigration to conduct said examination, the said immigrants were adjudged as persons likely to become public charges, and were ordered to be detained on board the said steamship, as he, the said defendant, then and there well knew.

The indictment further charged that the said defendant "did knowingly, fraudulently, and willfully neglect to detain them, the said immigrants, on board the said vessel." Upon the trial the jury, by instructions of the court, found the defendant guilty as indicted, and the court imposed upon him a fine of $200 and costs of prosecution. A motion for new trial was made on December 5, 1895, in support of which the following reasons, inter alia, were urged: (1) The questions whether the defendant adopted due precautions to prevent the landing of the immigrants, and whether he knowingly or negligently permitted them to land, were questions for the jury, and should have been submitted to them; (2) because, under the act of March 3, 1891, defendant could not be convicted without a finding of the jury that he had failed to adopt due precautions, or had knowingly or negligently permitted the escape.

The act of March 3, 1891 (26 Stat. 1084; 1 Supp. Rev. St. p. 934), creates two distinct offenses for which distinct and different penalties are adopted. The offense created by the eighth section is knowingly or negligently permitting to land any immigrant at any place or time other than that designated by the inspection officers. The offense created by the tenth section is the neglect to detain on board immigrants who had unlawfully come to the United States. The evidence showed that the immigrants escaped while being detained by the inspectors for a further hearing to determine the point whether they had unlawfully come to the United States. The case of Warren v. U. S., 7 C. C. A. 368, 58 Fed. 559, relates only to section 10 of the act.

Ellery P. Ingham, for the United States.
Frank P. Prichard, for defendant.

BUTLER, District Judge. On the trial of this case Warren v. U. S. [7 C. C. A. 368], 58 Fed. 559, was cited as controlling, and the defendant's counsel as well as the district attorney believed it to be so. As applied to the eighth section of the statute, under which alone the evidence warranted a conviction in the case before us, I was unable to understand how such a construction could be given to the language involved. This section renders the officers responsible criminally for failure to "adopt due precautions to prevent the landing of any alien immigrant at any place or time other than that designated by the inspection officers" and provides that "any such officer * * * who shall either knowingly or negligently land or permit to land any alien immigrant at any place or time other than that designated by the inspection officers shall be deemed guilty of a misdemeanor." To justify a conviction it seems so clearly necessary to prove willful or negligent permission to escape that I expressed surprise at what was supposed to be decided in Warren v. U. S., but ordered a conviction in deference to that case. Upon further examination it is found that Warren v. U. S. arose under the tenth section of the statute, in which the language used is different, and although the eighth section is cited and apparently treated as if it should receive a similar construction, the decision is not applicable

to the case in hand. It is not improbable that it will be followed with reluctance even as respects the tenth section. The wisdom of such a construction of language in a criminal statute may be doubted. A new trial is therefore granted.